**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-CV-00103-CMA-NYW

Merwyn Matson, an individual, and
Audrey Matson, an individual,

    Plaintiffs,

v.

Dillon Companies, Inc. d/b/a King Soopers, Inc.,
a Kansas Corporation,

    Defendant.

---

**SCHEDULING ORDER**

---

**1.    DATE OF CONFERENCE**

**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The scheduling Conference in the above-captioned matter is scheduled to take place on February 29, 2016 at 9:00 a.m. The Plaintiffs are represented by Thomas E. Napp, 600 Grant Street, Suite 505, Denver, CO 80203, Phone: (303) 939-3380. The Defendant is represented by Dina M. Bernardelli, Zupkus & Angell, P.C., Denver, CO 80203, Phone: (303) 894-8948.

**2. STATEMENT OF JURISDICTION**

This action was removed by Defendant based on diversity jurisdiction, United States Constitution, Article III, § 2. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. 1332, as Plaintiffs are residents of Colorado and

Defendant is incorporated and has a principle place of business in Kansas. Venue is proper as the accident took place in the City of Conifer, County of Jefferson, within the U.S. District of Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs: The Plaintiff Merwyn Matson claims that Defendant Dillon Companies, Inc. d/b/a King Soopers breached its duty by failing to prevent or remove a wet floor slip- and-fall hazard in the men's restroom at the King Soopers Market at 25637 Conifer Road, Conifer, Colorado 80433. As a result, Plaintiff slipped and fell on the afternoon of June 5, 2014 causing him to strike the back of his head on a tile corner of a wall in the restroom. Matson has suffered injuries and damages including injury to his cerebellum, injury to his inner ear, a balance disorder, medical expenses, pain and suffering, and a loss of enjoyment of life.

b. Defendant: Defendant denies liability, and denies that any statements regarding liability were made to Plaintiff at the time of the incident. Generally, there was a warning cone placed at the restroom entrance. Further, there is no evidence that Defendant knew or should have known of a hazard that may have caused Plaintiff's fall. Plaintiff's damages should be reduced or barred to the extent of Plaintiff's own negligence. Plaintiff's fall and/or claimed injures could be the result of pre-existing conditions, or conditions that occurred from another cause arising after the fall at Defendant's store.

## 4. UNDISPUTED FACTS

~~Currently there are very few undisputed facts. The parties agree to provide a statement of undisputed facts after initial discovery can be undertaken.~~

## 5. COMPUTATION OF DAMAGES

Plaintiffs claim future medical costs are being determined and these disclosures will be supplemented once the need for future medical care is quantified. Mr. Matson has been informed that at a minimum physical therapy for his balance disorder will continue through the end of 2016. In addition, Mr. Matson is making claim for the following expenses:

| | |
|---|---|
| Medical Expenses | $44,158.05 |
| Mileage: 2119 miles x .19/mile | 402.61 |
| Essential Services: | tbd |
| Pharmacy/medical supplies | 33.00 |

Matson also seeks damages for pain, suffering and loss of enjoyment of life.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: Counsel for each party conferred on February 10, 2016.

b. Names of each participant and party he/she represented:

Thomas R. Napp – Attorney for Plaintiffs

Dina M. Bernardelli – Attorney for Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Plaintiffs served their disclosures on February 5, 2016.

Defendant served its disclosures on February 3, 2016.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):   The parties have discussed some aspects of disclosures and both sides have agreed to review and supplement same.

e.      Statement concerning any agreements to conduct informal discovery:  The parties have discussed some aspects of disclosures and both sides have agreed to review and supplement same.  Counsel for Plaintiff and Defendant discussed the possibility of informal interviews of treating physicians, health care providers, and other witnesses in order to reduce the cost of depositions for both sides. Details concerning notice of the interview and attendance by opposing counsel are being worked out.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  Parties agree to use a unified exhibit numbering system and only one court reporter.  Parties agree all disclosures are to be numbered using Bates labelling system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:  Parties do not anticipate extensive electronically stored information in disclosures or responses to discovery. Certain records of Defendant, including in particular surveillance videos, are stored electronically and Plaintiff has made request for disclosure of the original copy.

h.  Statement summarizing the parties' discussion regarding the possibilities for promptly settling or resolving the case:   Plaintiff has a strong interest in early settlement discussions and mediation. Plaintiff requests that counsel meet in person to exchange initial settlement offers and to identify impediments to settlement before a mediator is engaged.

### 7. CONSENT

All parties   ☐ [have]   **X**   [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

The Parties agree that any limitations on discovery be governed by the Federal Rules of Civil Procedure.  ~~Counsel for Plaintiff and Defendant agree that the presumptive numbers should govern the amount of depositions and interrogatories allowed to either party unless good cause is shown to increase the number.~~ <u>Each party may take up to ten (10) depositions, including experts and serve up to twenty-five (25) interrogatories, including discrete subparts.</u>

b.  Limitations which any party proposes on the length of depositions:  <u>Each deposition may last up to one day of seven (7) hours.  With respect to non-party witnesses,</u> ~~C~~<u>c</u>ounsel for Plaintiff and Defendant agree that the maximum length of any deposition shall be seven (7) hours divided equally between the two parties. In the event the party noticing the deposition takes substantially longer than three and one-half (3.5)

hours, then the parties shall discuss and attempt to come to an agreement on whether the non-noticing party shall be entitled to an amount of time equal to that taken by the noticing party.

~~c.~~ Limitations which any party proposes on the number of requests for production and/or requests for admission: Counsel for Plaintiff and Defendant agree that the maximum number of requests for production shall be twenty-five (25) for each side ~~party~~ and requests for admission shall be twenty-five (25) for each ~~party~~side. Requests to stipulate to the authenticity or admissibility of exhibits shall not be considered part of the number of requests for admission. ~~The Parties agree that any limitations on all discovery be governed by the Federal Rules of Civil Procedure~~

d. Other Planning or Discovery Orders

### 9. CASE PLAN AND SCHEDULE

~~a.~~ Deadline for Joinder of Parties and Amendment of Pleadings: Plaintiff will file an amended complaint by March 1, 2016 that dismisses the claims of Audrey Matson and leaves Merwyn Matson as the sole Plaintiff. ~~Counsel for Plaintiff and Defendant will set the deadline to join additional parties or amend pleadings within 45 days of receipt of responses to initial written discovery.~~ April 14, 2016.

b. Discovery Cut-off: ~~Forty five (45) days before trial~~. October 28, 2016

c. Dispositive Motion Deadline: ~~(60) days prior to the first day of trial~~. November 28, 2016.

d. Experts The Plaintiff anticipates that expert witness testimony will be necessary for the following fields:

1. Human factors as to adequacy of warnings.

2. Friction coefficients for wet and dry flooring in use in the men's restroom on June 5, 2014.

3. Biomechanical forces on Plaintiff's skull from the slip and fall.

4. Standard of care for inspection, maintenance, and repair of wet-floor hazards.

5. In addition to expert testimony from any doctor or health care professional as to the reasonableness, necessity, and causality of any medical care or treatment and the prognosis for long-term recovery or disability, expert medical testimony may be necessary in the fields of neurology, balance disorders, inner ear disorders, and cerebellum infarction.

Defendant: Rebuttal expert to any field identified by Plaintiffs.

Limitations which the parties propose on the use or number of expert witnesses: ~~The parties have discussed and agree that limitations on proposed use of experts may be necessary but is not possible until initial discovery has been performed.~~ Three retained experts.

The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) as follows:

Plaintiffs' Expert Disclosures due by May 15, 2016. ~~Plaintiff will attempt early disclosure on or before April 15, 2016.~~ This includes disclosure of information applicable to "Witnesses Who

Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Defendant's Expert disclosures due by July 15, 2016. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 15, 2016. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed: Plaintiff anticipates that David P. Rogers, Qatrina Botello, Wendy Mersinger, Terri Long, and Brett Robinson will be deposed. However, there are initials of individual employees on inspection logs that have yet to be identified in Defendant's disclosures. This list will change as these individuals are identified in disclosures. Further, the surveillance videos disclosed to

date are of poor quality and original recordings have been requested. This list of deponents will further change once the original recordings are inspected and evaluated.

Defendant anticipates Plaintiff Matson, Audrey Matson, Lee Willis, representative(s) from Plaintiff's employer; Plaintiff's daughter; members of Rotary club to be determined from additional information learned about the members disclosed, his travelling companions (including to Mexico after the incident at King Soopers, and his treating physicians.

f. Deadline for Interrogatories: The parties shall submit their last set of Interrogatories ~~thirty (30)~~ forty-five (45) days before the discovery cut-off date. ~~Plaintiff has prepared a draft set of interrogatories and will serve these on Defendant on or before Monday, February 22, 2016.~~

g. Deadline for Requests for Production of Documents and/or Admissions:

The parties shall submit their last set of requests ~~thirty (30)~~ forty-five (45) days before the discovery cut-off date. ~~Plaintiff has prepared a draft set of requests for production of documents and requests for admissions and will serve these on Defendant on or before Monday, February 22, 2016.~~

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on ~~DATE~~ January 27, 2017 at 9:00 o'clock a.m. ~~TIME~~. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

      a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None

      b.     Anticipated length of trial and whether trial is to the court or jury:

Five (5) day Jury Trial.

      c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED: February 29, 2016

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

Respectfully submitted on this 22nd day of February, 2016.

**ZUPKUS & ANGELL, P.C.**
*Original Signature on File at Zupkus & Angell, P.C.*

By: *s/ Dina M. Bernardelli*
Richard L. Angell, 8187
Dina M. Bernardelli, 40448
Zupkus & Angell, P.C.
The McCourt Mansion
555 East Eighth Avenue
Denver, CO 80203
rangell@zalaw.com
dbernardelli@zalaw.com