# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00103-CMA-NYW

MERWYN MATSON, and
AUDREY MATSON,

    Plaintiffs,

v.

DILLON COMPANIES, INC., a Kansas corporation d/b/a King Soopers,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiffs' Motion for Leave to Amend Complaint (the "Motion to Amend") [#18, filed Mar. 1, 2016]. Pursuant to the Order Referring Case dated January 29, 2016 [#6] and the Memorandum dated March 2, 2016 [#19], this matter was referred to the undersigned Magistrate Judge. After carefully reviewing the Motion and related briefing, the entire case file, and the applicable case law, I respectfully **RECOMMEND** that the Motion to Amend be **GRANTED** and that Plaintiff Audrey Matson's claims be **DISMISSED WITHOUT PREJUDICE** from this case.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Merwyn Matson and Audrey Matson (collectively, "Plaintiffs") initiated this case by filing a Complaint in Colorado state court against Defendant Dillon Companies, Inc. (doing business as King Soopers) ("Defendant") on December 18, 2015. [#1-1]. Plaintiffs, who are married, assert claims against Defendant arising from a slip-and-fall accident that occurred

on June 5, 2014 at a King Soopers market located in Conifer, Colorado. [#1-1 at ¶ 3]. Plaintiff Merwyn Matson was allegedly injured when he slipped and fell on or near a puddle of water on a wet restroom floor inside the market. [#1-1 at ¶¶ 10-18]. Mr. Matson suffered injuries including a lacerated scalp, weakened right vestibular, and damage to his cerebellum. [#1-1 at ¶¶ 18, 21-24]. Plaintiffs assert claims for negligence, gross negligence, and willful and wanton misconduct against Defendant due to Defendant's alleged failure to protect Mr. Matson from the dangerous condition that existed in the men's restroom. [#1-1 at ¶¶ 25-44].

On January 15, 2016, Defendant filed a Notice of Removal to this court on the basis of diversity jurisdiction, citing 28 U.S.C. §§ 1332 and 1441. [#1]. Plaintiffs' Complaint was docketed in this court on the same day. [#3]. Defendants filed an Answer on January 22, 2016. [#9]. The undersigned Magistrate Judge held a Scheduling Conference on February 29, 2016 and entered a Scheduling Order the same day. [#16, #17]. The Scheduling Order stated that Plaintiffs were to file an Amended Complaint that dismisses Ms. Matson claims by March 1, 2016. [#17 at 6]. The deadline for joining additional parties or amending pleadings is otherwise set for April 14, 2016. [#17 at 6].

Plaintiffs filed the present Motion to Amend on March 1, 2016. [#18]. Plaintiffs seek to dismiss without prejudice the claims of Audrey Matson and amend the Complaint to leave Plaintiff Merwyn Matson as the only remaining Plaintiff. [#18 at ¶ 1]. Plaintiffs state that Defendant has no objection to this requested relief. [#18 at ¶ 2]. A proposed First Amended Complaint is provided as an attachment to the Motion to Amend. [#18-1].

## STANDARD OF REVIEW

Prior to the deadline set in a Scheduling Order for amending the pleadings, requests to amend are governed by Fed. R. 15(a). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

## ANALYSIS

The undersigned Magistrate Judge respectfully recommends exercising the court's discretion to allow Plaintiffs to amend the Complaint and dismiss Ms. Audrey Matson's claims without prejudice. Plaintiffs' proposed amendment is not opposed by Defendants, and this court does not find any undue delay, undue prejudice, bad faith, or futility of amendment. Moreover, discovery has only just commenced and this amendment was specifically discussed at the Scheduling Conference prior to entry of a Scheduling Order in this case. While D.C.COLO.LCivR 15.1 requires that a plaintiff seeking to file an amended complaint "attach as an exhibit a copy of the proposed amended pleading which strikes through (e.g. strikes through) the text to be deleted and underlines (e.g. underlines) the text to be added," this court recommends granting the Motion to Amend despite Plaintiffs' failure to follow the Local Rule in this instance, particularly considering the straightforward nature of the proposed amendment and that the original Complaint was formatted for filing in state court, and the proposed Amended

3

Complaint has been reformatted for this court.  Plaintiff Merwyn Matson is advised, however, that future failures to comply with D.C.COLO.LCivR 15.1 will result in the non-compliant proposed pleading and accompanying motion being stricken.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)  Plaintiffs' Motion to Amend Complaint [#18] be **GRANTED**;

(2)  Plaintiff Audrey Matson's claims be **DISMISSED WITHOUT PREJUDICE** from this case; and

(3)  The Clerk of Court be directed to docket the First Amended Complaint.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: March 8, 2016            BY THE COURT:


                                s/Nina Y. Wang_____
                                United States Magistrate Judge

5