**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-CV-00103-CMA-NYW

Merwyn Matson, an individual, and
Audrey Matson, an individual,

       Plaintiffs,

v.

Dillon Companies, Inc. d/b/a King Soopers, Inc.,
a Kansas Corporation,

       Defendant.

---

**~~(Proposed)~~ STIPULATED PROTECTIVE ORDER**

---

## 1.    PURPOSES AND LIMITATIONS

      Plaintiffs Merwyn Matson and Audrey Matson and Defendant Dillon Companies,

Inc. d/b/a King Soopers, Inc. (collectively, "the Parties"), allege that disclosure and

discovery activity in this action will involve production of confidential, proprietary, and/or

private information for which special protection from public disclosure and from use for

any purpose other than this litigation would be warranted. King Soopers specifically

needs a protective order over all proprietary information such as, but not exclusively,

policies and procedures, training materials, video surveillance maps and diagrams, and

documents related to security and investigation disclosed in this litigation. Accordingly,

the Parties hereby stipulate to and petition the Court to enter the following Stipulated

Protective Order ("SPO"). The Parties acknowledge that this SPO does not confer

blanket protections on all disclosures or responses to discovery and that the protection

it affords extends only to the limited information or items that are entitled under F.R.C.P.

26(c) to be designated as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this SPO creates a challengeable entitlement to file confidential information under seal.

**2.    DEFINITIONS**

2.1    Party. Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter including subpoena.

2.3    "CONFIDENTIAL" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.C.P. 26(c) and are designated as confidential.

2.4    Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    Producing Party. A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6    Designating Party. A Party or non-party that designates information or items as "CONFIDENTIAL."

2.7    Protected Material. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8    Counsel (without qualifier). "Counsel" shall mean the attorneys and employees of: Thomas E. Napp, P.C., and Zupkus & Angell, P.C.

2.9     Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or contacted by a Party to serve as an expert witness or as a consultant in this action.

2.10    Professional Vendors. Court reporters, videographers, interpreters, document reproduction companies, and such other qualified persons otherwise unconnected to any Party but who are involved in taking testimony, copying documents, and the like and are working at the direction of or in cooperation with Counsel.

**3.     SCOPE**

3.1     The protections conferred by this SPO cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel (e.g., preserved in a hearing transcript or recording) that might reveal Protected Material.

3.2     The Parties agree that the scope of this SPO does not include trial testimony or evidence or exhibits presented at trial regarding any Protected Material, and that the use of any such Protected Material at trial shall be addressed by way of pre-trial evidentiary motions.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this SPO shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this

SPO must take care to limit any such designation to specific material that qualifies

under the appropriate standards. A Designating Party must take care and exercise good

faith to designate for protection after review and certification by counsel of record only

those parts of material, documents, items, or oral or  written communications that

qualify under F.R.C.P. 26(c) so that other portions of the  material, documents, items,

or communications for which protection is not warranted are  not swept unjustifiably

within the ambit of this SPO.

5.2    Manner and Timing of Designations. Except as otherwise provided in this

SPO or as otherwise stipulated or ordered, material that qualifies for protection under

this SPO must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this SPO requires:

(a)    Information in documentary form (apart from transcripts  of

depositions or other pretrial or trial proceedings). The Producing Party shall mark each

page "CONFIDENTIAL" that contains Protected Material. If only a portion or portions of

the material on a page qualify for protection, the Producing Party must clearly identify

the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial or trial

proceedings. The Party or non-party offering or sponsoring testimony on the record

shall identify within ten (10) days of receipt of the transcript, or in the event no transcript

may be obtained, ten (10) days after the testimony is offered all protected portions of

the testimony that qualify as "CONFIDENTIAL." Only those portions of the testimony

that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

(c)      For information produced in some form other than documentary, and for any other tangible items. The Producing Party shall mark the container or containers in which the protected information is stored "CONFIDENTIAL." If only a portion of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3      Inadvertent Failures to Designate. Within thirty (30) days after discovery, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL", does not, standing alone, waive the Designating Party's right to secure protection under this SPO for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this SPO.

5.4      Inadvertent Production of Documents. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, and no party or third person shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing Party or non-party, the Receiving Party shall return the original and all copies of such documents to the Producing Party.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. A challenge to the confidentiality designation must be made within fifteen (15) days of the receipt of the disclosure.

6.2     Meet and Confer. A Receiving Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.

6.3     Judicial Intervention. A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this SPO. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

All "CONFIDENTIAL" material shall be stored under the direct control of litigation counsel of record, or Experts as defined in this SPO, who shall be responsible for preventing any use or disclosure thereof, except in accordance with the terms of this SPO.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     officers, directors, employees, insurers, third party administrators (or other consultants as may be deemed necessary by any Party in prosecuting or defending their case), of the Receiving Party to whom disclosure is reasonably necessary for this litigation:

(b)     experts (as defined in this SPO) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e)     during their depositions or witness interviews, witnesses in the action to whom disclosure is reasonably necessary and who have been made aware there is a Protective Order covering certain documents, then Counsel may inquire into the Protected Material.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must not be disclosed to anyone except as permitted under this SPO.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party,

in writing (by fax, if possible) immediately and in no event more than five (5) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving  Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this SPO. In addition, the Receiving Party must deliver a copy of this SPO promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this SPO and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**9.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this SPO, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this SPO.

**10.** **FILING PROTECTED MATERIAL**

Pursuant to this SPO, a Party, without written permission from the Designating Party or a court order, may file in the public record in this action any Protected Material

under seal. A Party may challenge the filing of the Protected Material under seal by filing a motion with the Court.  <u>All motions to restrict must be made in compliance with D.C.COLO.LCiv R. 7.2.  Nothing in this Order may be construed as an order restricting any information or documents from the record.</u>

## 11.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after settlement or entry of judgment in this action, each Receiving Party must submit a written certification to the Producing Party that all Protected Material was destroyed and affirm that the Receiving Party has not retained any copies, including electronic copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing herein shall prevent any Party or non-party from seeking relief from the Court in addition to that specified in this SPO, or from applying to the Court for further or additional Protective Orders.

12.2   <u>Right to Assert Other Objections</u>. This SPO shall not be deemed a waiver of:

(a)   any Party's right to object to any discovery requests on any ground;

(b)   any Party's right to seek an order compelling discovery with respect

to any discovery request;

(c)     any Party's right in any proceeding or action herein to object to the admission of any evidence on any ground or to seek the admission of any evidence on any ground;

(d)     any Party's right to use and disclose its own documents and its own Confidential Information designated "CONFIDENTIAL" in its sole and complete discretion; or

(e)     the status of any Confidential Information as a trade secret.

12.3    <u>Days</u>. For purposes of counting the number of days pursuant to any

provision of this SPO, days shall mean "calendar days" and not court days as

otherwise defined under F.R.C.P.6(a).

12.4    <u>Binding Order</u>. The parties agree to submit this SPO for entry by the Court

and to be bound by its terms prior and subsequent to entry by the Court. Any

provision of this SPO may be amended when good cause is shown by the

Party wishing to amend <u>or by the court in its discretion</u>.

Dated this <u>6</u><sup>th</sup> day of <u>April</u>, 2016.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

_____/s/ Dina Bernardelli_____

Dina M. Bernardelli, Esq.
Zupkus & Angell, P.C.
789 Sherman Street, Suite 500
Denver, CO 80203
*Attorney for Defendant Dillon Companies, Inc. d/b/a King Soopers, Inc.*

_____/s/ Thomas E. Napp_____

Thomas E. Napp, Esq.
600 Grant Street, Suite 505
Denver, CO  80203
tnapplaw@comcast.net
*Attorney for Plaintiffs*